## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOAN CRUCE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2022-_____ |
| | * | |
| **DOLGENCORP, LLC.** and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * * * * * * * * * * | **JURY TRIAL DEMANDED** |
| | * | |
| Defendant. | * | |

## COMPLAINT

### INTRODUCTION

This is an action by Plaintiff Joan Cruce (herein after referred to as "Plaintiff") against Defendant Dolgencorp, LLC (herein after referred to as "Defendant "), for personal injuries and damages sustained by the Plaintiff as the result of a defective or dangerous condition on or about October 10, 2020.

### PARTIES

1. The Plaintiff was a resident and citizen of Cullman County, Alabama at all times material to the issues in this case.

2. On information and belief, Defendant is a corporation that is registered to do business in the state of Alabama at all times material to the issues in this case. Defendant may be served

through its registered agent, Corporation Service Company, Inc. 641 South Lawrence Street, Montgomery, AL 36104.

## JURISDICTION AND VENUE

3. Plaintiff is a citizen of Alabama, residing at 25289 County Rd. 222, Bremen, Alabama, in Cullman County, Alabama

4. The Defendant is a Kentucky corporation that is registered to do business in the state of Alabama at all times material to the issues in this case.

5. This Court has jurisdiction of the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

6. The Defendant is subject to the jurisdiction of this Court and venue is proper in the Northern District – Northeastern Division pursuant to 28 U.S.C. § 1391(a)(2) as the accident made the basis of this Complaint occurred in Cullman County, Alabama.

## APPLICABLE FACTS

7. On or about October 4, 2018, Plaintiff was an invitee was upon the premises in Defendant's Store, at 7684 Al Hwy 69 S, Bremen AL, in Cullman County, Alabama

8. At said time and place, Defendant maintained a dangerous condition, specifically an unsafe display of soda cans.

9. At said time and place, due to the aforementioned dangerous condition, Plaintiff sustained injuries.

## COUNT ONE - NEGLIGENCE

10. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

11. At said time and place, Plaintiff fell when Defendant maintained a dangerous condition with actual or constructive knowledge that Defendant's dangerously maintained a display of soda cans and Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

12. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

    (a). Negligently failed to exercise ordinary care.

    (b). Negligently failed to cure a known danger.

    (c). Negligently failed to warn Plaintiff of said known danger.

    (d). Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

13. The Plaintiff avers that the acts and conduct of the Defendant constitutes common law negligence.

14. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs, and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

15. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

16. At said time and place, Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to

    (a). cause injury to Plaintiff due to the dangerous condition, and

    (b). cause Plaintiff to undergo doctors appointments, and

    (c). cause the Plaintiff to suffer and sustain the injuries and damages.

17. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

    (a). Wantonly failed to exercise ordinary care.

    (b). Wantonly failed to cure a known dangerous condition.

    (c). Wantonly failed to warn Plaintiff of said known dangerous condition.

    (d). Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

18. The Plaintiff avers that the acts and conduct of the Defendant constitutes wantonness.

19. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs, and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT THREE – FICTITIOUS DEFENDANTS

20. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

21. Fictitious Defendant "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS.**

Respectfully submitted,

CONSTANTIN L. POST (POS018)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
3500 Bluelake Drive, Ste. 450
Birmingham, AL 35243
Tel. No. (205)564-1130
Fax No. (205)573-1166

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at their respective mailing address as follows:

Dolgencorp, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street,
Montgomery, AL 36104

_____
CONSTANTIN L. POST
OF COUNSEL